**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X

In Re:                                                                                 Chapter 7

NICHOLE T. BYRNE,                                                         Case No. 14-35927 (MBK)

                              Debtor.
----------------------------------------------------------X

APPEARANCES:

Bruce C. Truesdale, Esq.
Abelson & Truesdale, LLC
147 Union Avenue
Suite 1E
Middlesex, NJ 08846
*Attorney for the Debtor*

Daniel E. Straffi, Esq.
Straffi & Straffi
670 Commons Way
Building I
Toms River, NJ 08755
*Chapter 7 Trustee*

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

**I.    INTRODUCTION**

This matter is before the Court by way of a motion ("Motion") objecting to exemptions filed by the Chapter 7 Trustee, Daniel E. Straffi ("Trustee"). Through the Motion, the Trustee seeks to prohibit the Debtor, Nichole T. Byrne ("Debtor"), from claiming exemptions under 11 U.S.C. §§ 522(d)(10)(E), 522(d)(11)(C), and 522(d)(11)(E), in connection with a pension and life insurance policy held by Ms. Byrne's non-debtor deceased spouse. A hearing on the Motion was held on October 5, 2015, and the parties filed supplemental submissions on October 19,

2015. For the reasons set forth below, the Trustee's Motion is granted and the Debtor is not permitted to take exemptions relating to her late spouse's life insurance policy and pension under either 11 U.S.C. §§ 522(d)(10)(E), 522(d)(11)(C), or 522(d)(11)(E).

## II.    JURISDICTION

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## III.    FACTS/PROCEDURAL HISTORY

The facts of this case are undisputed. On December 30, 2014, the Debtor filed a voluntary Chapter 7 bankruptcy petition. Several months later, on April 28, 2015, the Trustee filed a No Distribution Report. On May 28, 2015, a Final Decree was entered and the Debtor's bankruptcy case was closed. Prior to the case closing, on May 9, 2015, the Debtor's non-debtor spouse ("Decedent") passed away, leaving behind a New Jersey group life insurance policy in the amount of approximately $105,000.00 and a pension of approximately $3,095.00. In light of the Debtor's potential interest in the life insurance policy and pension, the Debtor filed a motion to reopen her bankruptcy case, which was approved by order of the Court dated July 14, 2015. On July 16, 2015, the Debtor filed amended schedules B and C to incorporate potential exemptions for the life insurance policy and pension, to which the Trustee objected.

Though the Debtor reversed legal positions with respect to her exemptions prior to the October 5th hearing, the Debtor's ultimate stance is that she may take an exemption under 11 U.S.C. § 522(d)(10)(E) for her interest in Decedent's pension, and may utilize either 11 U.S.C.

2

§§ 522(d)(11)(C) or 522(d)(11)(E) in order to take an exemption with respect to Decedent's life insurance policy. To the contrary, the Trustee argues that because the Debtor is not a listed beneficiary of the life insurance policy or pension plan, any proceeds thereunder flow directly to the Decedent's estate. Thus, as the Trustee avers, the Debtor's claim to any funds from Decedent's estate should be classified as an inheritance, which impacts the Debtor's ability to claim her asserted exemptions.

Upon careful review of the post-argument submissions of the parties, and after conducting independent research, the Court determines that the Debtor is not entitled to exemptions under either 11 U.S.C. §§ 522(d)(10)(E), 522(d)(11)(C), or 522(d)(11)(E). Accordingly, the Trustee's Motion is granted, as discussed in more detail below.

## IV.     BURDEN OF PROOF

Federal Rule of Bankruptcy Procedure 4003(c) provides that, in any hearing wherein a party objects to a claimed exemption, the objecting party bears the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). As this Court has previously explained:

> Such burden may be met by a preponderance of the evidence. *In re LeClair*, 461 B.R. 86, 90 (Bankr. D. Mass. 2011). Additionally, courts have understood that 4003(c) operates under a burden shifting framework. The Ninth Circuit explains:
>
>> A claimed exemption is presumptively valid.... Once an exemption has been claimed, it is the objecting party's burden ... to prove that the exemption is not properly claimed. Initially, this means that the objecting party has the burden of production and the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption. If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. The burden of persuasion, however, always remains with the objecting party.

> *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999) (internal quotation marks and citations removed). Thus, even if the objecting party successfully rebuts the prima facie validity of a claimed exemption, the final burden of persuasion remains on the objecting party. *In re Nicholson*, 435 B.R. 622 (B.A.P. 9th Cir. 2010).

*In re Kiceniuk*, 2012 Bankr. LEXIS 4616, *6-8 (Bankr. D.N.J. 2012).

## V.     DISCUSSION

As a preliminary matter, the Court notes that upon the filing of a bankruptcy petition, an estate is created comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  Included in this estate is, *inter alia*, "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date by (A) bequest, devise, or inheritance….or (C) as a beneficiary of a life insurance policy or of a death benefit plan." 11 U.S.C. §§ 541(a)(5)(A) and (C).

### A.     Debtor's Interest in Decedent's Life Insurance Policy and Pension

In order to identify the nature of the Debtor's property interest in Decedent's life insurance policy and pension, this Court is obligated to apply the substantive law of New Jersey. As the United States Supreme Court stated in *Butner v. United States*, "[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979). Thus, before applying 11 U.S.C. §§ 522 or 541, the Court must first determine the Debtor's interest in the life insurance policy under New Jersey law.

In this case, the Debtor does not dispute the fact that she is <u>not</u> a listed beneficiary on either the Debtor's life insurance policy or pension plan, and that, in fact, the Decedent identified no beneficiaries under those contracts. N.J.S.A. § 3B:1-3, applicable here, states, in pertinent part, as follows:

> [u]pon the death of an individual, his real and personal property devolves to the persons to whom it is devised by his will or to those indicated as substitutes for them in cases involving lapse, renunciation, or other circumstances affecting the devolution of testate estates, *or in the absence of testamentary disposition, to his heirs,* or to those indicated as substitutes for them in cases involving renunciation or other circumstances affecting devolution of intestate estates, *subject to rights of creditors and to administration*.

N.J.S.A. § 3B:1-3 (emphasis added). Accordingly, any funds from the life insurance policy and pension flow directly to the Decedent's probate estate and are subject to New Jersey probate law. Thus, the Debtor, at best, has a contingent interest in the form of a potential inheritance of any remaining proceeds in the Decedent's estate after satisfaction of Decedent's creditors and administration in the probate court.

In applying Debtor's New Jersey state law property interest to the Bankruptcy Code, there is no question that the Debtor's right to any potential inheritance from the Decedent's estate was triggered upon the death of her late husband on May 9, 2015, within 180 days of filing her bankruptcy petition as required by 11 U.S.C. § 541(a)(5). As such, the Debtor's claim to any supplemental funds from Decedent's estate becomes property of the Debtor's bankruptcy estate as an inheritance pursuant to 11 U.S.C. § 541(a)(5)(A). Indeed, the Debtor does not contest such finding and, therefore, the Court need not delve into the cases cited by the Trustee with respect to whether the insurance policy or pension proceeds are part of the bankruptcy estate.

**B.     Interest Subject to Exemption**

Section 522 of the Bankruptcy Code governs exemptions available to a debtor. That section permits a debtor to elect certain federal exemptions provided for in subsection (d) of § 522 or to elect exemptions provided by other applicable state and federal law, unless the state has opted out of the federal exemption scheme. 11 U.S.C. §§ 522(b)(1) and (2). Here, the Debtor has taken certain federal exemptions, which state, in relevant part, as follows:

> § 522   Exemptions.
>
> (d) The following property may be exempted under subsection (b)(2) of this section:
>
>> (10) The debtor's *right to receive*—
>>
>>> (E) a payment under a stock bonus, ***pension***, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor…
>>
>> (11) The debtor's *right to receive*, or property that is *traceable to*—
>>
>>> (C) a payment under a ***life insurance contract*** that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor…
>>>
>>> (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

*See* 11 U.S.C. § 522 (emphasis added). Thus, in order to successfully claim her exemptions under these sections the Debtor must have (i) a right to receive payment in connection with the

pension plan and (ii) either have a right to receive payment in connection with the life insurance policy or have received payments previously that are traceable to a life insurance policy.

Turning first to Decedent's pension plan, the Debtor does not dispute that she is not listed as a beneficiary to the pension plan. Thus, as set forth above, any funds originating from Decedent's pension plan may only be received by the Debtor through New Jersey's probate process. Simply put, the Debtor does not have a *right to payment* under the pension plan. At best, she has a contingent interest in available funds from Decedent's estate solely as Decedent's heir. In this case, 11 U.S.C. § 522(d)(10)(E) provides her with no more. Indeed, "[t]he right to claim an exemption is a statutory creation and is not derived from 'equitable' (or other) considerations. If an exemption is not allowed by statute, it is not allowable." *Makoroff v. Panza (In re Panza)*, 219 B.R. 95, 97 (Bankr. W.D. Pa. 1998), citing *In re Clark*, 711 F.2d 21, 23 (3d Cir. 1983).

Similarly, the Debtor does not have a right to receive insurance proceeds under 11 U.S.C. § 522(d)(11)(C), as she has no direct contractual interest in such proceeds. Rather, her sole interest in such proceeds is contingent upon whether she will inherit any funds from Decedent's estate. Thus, it cannot be said that the Debtor has a right to receive proceeds directly from Decedent's life insurance policy. Nor can the Debtor claim an exemption under 11 U.S.C. § 522(d)(11)(E), as the Debtor has not provided sufficient evidence to demonstrate a right to receive payment in compensation of loss of future earnings of her late husband.[1]

Moreover, the Court disagrees with Debtor's interpretation of the "traceable" element of 11 U.S.C. § 522(d)(11). To be deemed "traceable" under 11 U.S.C. § 522, a debtor must either have a direct *contractual right to* such funds and is awaiting receipt, or *previously received* the

---

[1] Contrast a situation where, for example, a debtor holds a valid consortium claim or has a right to payments based on a non-debtor spouse's disability claim. There is no evidence suggesting that the amount of insurance proceeds was purposely calculated or otherwise tied to the Decedent's anticipated future income.

applicable funds based on such right and thereafter converted the funds into another form of asset.[2] While Debtor's counsel is correct that proceeds of either the life insurance policy or pension plan could very well be traced back to those policies, such tracing presumes that the Debtor had a right to those proceeds to begin with. As set forth above, the Debtor does not hold such right. Furthermore, the Debtor has not received the relevant funds, which would also presume a right to receive.[3] Consequently, the Court finds the cases cited by the parties relating to "traceability" to be inapposite, as those cases either dealt with proceeds received by a debtor pre-petition or a debtor who was found to hold a legal right to proceeds under the relevant exemption statute. Neither scenario applies in the instant case.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

---

[2] *See In re Likins*, 505 B.R. 319, 322 (Bankr. D. Kan. 2014) ("For these exemptions, a leading bankruptcy treatise defines tracing as 'the right to preserve an exemption as the exemptable property changes form, . . . for example, from the right to receive an exempt payment, to payment in the form of a check, to a bank deposit, and ultimately to cash proceeds.'"), citing William L. Norton, Jr., and William L. Norton III, Norton Bankruptcy Law & Practice 3d, § 56:9 at 56-29 (Thomson Reuters 2013).

[3] *See, e.g., In re Wyman*, 437 B.R. 478, 480-481 (Bankr. D. Mass. 2010) (**"**By using the phrase 'property that is traceable to' in subsection (d)(11) but omitting it from (d)(10), Congress unambiguously confined the §522(d)(10) exemptions to the debtor's 'right to receive' benefits not yet received and omitted from it benefits that ***have already been paid***") (emphasis added); *In re Pomar*, 234 B.R. 135, 137 (Bankr. M.D. Fla. 1993) ("It should be noted in this connection that § 522(d)(10) exempts the Debtor's right to receive future payments, but not benefits already received, unlike § 522(d)(11), which expressly exempts the Debtor's right to receive future payments ***and property already received which is traceable to the specific benefits set forth in this Section***") (emphasis added); *In re McCollum*, 287 B.R. 750, 754 (Bankr. E.D. Mo. 2002) ("The difference in the language of sections 522(d)(10) and 522(d)(11) demonstrate Congress's intent not to allow an exemption under 522(d)(10) ***for proceeds received by the debtor*** before the commencement of his bankruptcy case which are traceable to a qualified retirement fund") (emphasis added).

## VI. CONCLUSION

In light of the above, the Court finds that the Debtor has failed to come forward with unequivocal evidence to demonstrate that the claimed exemptions are proper. As such, the Court grants the Trustee's Motion and finds the Debtor's claimed exemptions, relating to her late spouse's life insurance policy and pension under either 11 U.S.C. §§ 522(d)(10)(E), 522(d)(11)(C), or 522(d)(11)(E), to be invalid. The Trustee is directed to submit a form of order consistent with the Court's decision.

Dated: November 13, 2015

Honorable Michael B. Kaplan
United States Bankruptcy Judge